1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PAUL MITCHELL,                              No.  2:16-cv-0703 JAM AC P

12                   Plaintiff,

13        v.                                      ORDER

14   BRIAN DUFFY, et al.,

15                   Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding

19   was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        I.      Application to Proceed In Forma Pauperis

21        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

22   1915(a).  ECF No. 9.  Accordingly, the request to proceed in forma pauperis will be granted.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

28   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

                                              1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III.     Complaint

The complaint names as defendants Warden Duffy, Lt. Avalos, Sgt. Pongyang, and Capt. Ladson and alleges the following:

> Prison officials, headed by a warden, are responsible for maintaining order and imposing discipline in the prison. They must protect the inmates and prison employees against violence & injury. Petitioner while imprisoned at CHCF was the victim of two separate unprovoked attacks in two months. Plaintiff is a level 3 G.P. disabled senior who uses a wheelchair and has cardiac disease. Defendant did not provide for my not being in harms way when the propensity or likelihood of violence was known. 2nd attack captured on CHCF/CCTV. Being that the housing unit 'C2B' CHCF housed plaintiff in was a designated max custody/AD. Seg. Unit building it is evident that its inhabitants included many violent and dangerous prisoners.

ECF No. 1 at 3.

IV.     Failure to State a Claim

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious, a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a "sufficiently culpable state of mind . . . one of deliberate

3

indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847.

> The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial "risk of serious damage to his future health," Helling [v. McKinney, 509 U.S. 25, 35 (1993)], and it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk.

Id. at 843. However, mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

It is clear from the complaint that plaintiff is attempting to state a claim for failure to protect based upon being improperly housed, which led to his being assaulted on two separate occasions. However, plaintiff has failed to explain what involvement the defendants had in his placement. Moreover, each of the defendants appears to hold a supervisory position and it is not clear whether they were named because they were supervisors or because they had some involvement in plaintiff's placement.

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Additionally, "[t]here is no respondeat superior liability under section 1983." Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful

4

conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)

(quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor may be liable for the

constitutional violations of his subordinates if he "knew of the violations and failed to act to

prevent them." Taylor, 880 F.2d at 1045. Finally, supervisory liability may also exist without

any personal participation if the official implemented "a policy so deficient that the policy itself is

a repudiation of the constitutional rights and is the moving force of the constitutional violation."

Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotation

marks omitted), abrogated on other grounds by Farmer, 511 U.S. 825.

Accordingly, the allegations of the complaint fail to show that the defendants violated

plaintiff's rights and the complaint will be dismissed with leave to amend.

V.      Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the

conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo,

423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant

is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can

be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740,

743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in

civil rights violations are not sufficient." Ivey, 673 F.2d at 268 (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

his first amended complaint complete. Local Rule 220 requires that an amended complaint be

complete in itself without reference to any prior pleading. This is because, as a general rule, an

amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims

dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent

amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the

original complaint no longer serves any function in the case. Therefore, in an amended

////

5

complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief.  You need to explain what each defendant did to violate your rights.  Just saying that the defendants were in charge is not enough.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint.  **Any claims or information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 9) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to amend.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

////

////

1      5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

2 form used in this district.

3      IT IS SO ORDERED.

4 DATED: January 11, 2018

5

6 ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE