UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MITCHELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN DUFFY, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-0703 JAM AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel and an extension of time. ECF No. 15.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

1

establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the complaint has been dismissed with leave to amend and plaintiff has yet to file an amended complaint. The court is therefore unable to determine whether plaintiff has any likelihood of success on the merits. Furthermore, in screening the complaint, the court explained the applicable legal standards for plaintiff and explained to him what he would have to show in order to state a claim. ECF No. 12. There is no evidence that plaintiff has tried to follow the court's instructions or that he is unable to draft an amended complaint that states a claim without the assistance of counsel. Plaintiff should refer to the instructions for filing an amended complaint contained in the court's January 11, 2018 screening order. For these reasons, the court does not find the required exceptional circumstances and the motion for counsel will be denied without prejudice.

Plaintiff also requests an unspecified extension of time to file an amended complaint. The court will grant plaintiff a thirty-day extension. Plaintiff is advised that in the future, when he requests an extension of time, he must tell the court how much additional time he is requesting.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 15) is denied;

2. Plaintiff's motion for an extension of time (ECF No. 15) is granted; and

3. Plaintiff is granted thirty days from the date of this order in which to file an amended complaint.

DATED: February 27, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE