UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MITCHELL,<br><br>    Plaintiff,<br><br>    v.<br><br>BRIAN DUFFY, et al.,<br><br>    Defendants. | No. 2:16-cv-0703 JAM AC P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed January 11, 2018, the complaint was dismissed and plaintiff was given thirty days to file an amended complaint. ECF No. 12. He then requested an extension of time (ECF No. 15) and was granted an additional thirty days to file an amended complaint (ECF No. 16). The thirty days have now passed and plaintiff has not filed an amended complaint. However, the court recently received a letter from a third party on behalf of the plaintiff, which appears to be another request for appointment of counsel. EFC No. 17. Plaintiff has also provided a notice advising that his legal paperwork is disorganized due to his move from a single cell to a dormitory. EFC No. 18.

I.     <u>Request for Appointment of Counsel</u>

The United States Supreme Court has ruled that district courts do not have the authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist.</u>

1

Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

The third party requests appointment of counsel on behalf of the plaintiff on the ground that plaintiff is disoriented and suffers from Alzheimer's disease, which make him unable to draft an amended complaint. EFC No. 17 at 1. However, plaintiff's own recent filings demonstrate an ability to articulate his claims without assistance of counsel. See ECF Nos. 15, 18. Furthermore, if plaintiff's request for counsel is based upon medical need, he will need to provide medical records that support his claim that his conditions prevent him from pursuing this action without assistance.[1] Accordingly, in the present case, the request for appointment of counsel will be denied because the court does not find the required exceptional circumstances.

Plaintiff is reminded that in amending the complaint, he is not required to make legal arguments, and instead should simply explain to the court which individuals he wants to name as defendants and what each person did or did not do that he believes violated his rights.

II. Motion for an Extension of Time

In his notice regarding the state of his legal paperwork, plaintiff alleges that prison staff retaliated against him by moving him from a single cell to a dormitory and causing his property to

---

[1] Although plaintiff claims that he has provided such documentation (ECF No. 17 at 2), the documentation he provided shows only what he claims his conditions and limitations to be (ECF No. 15 at 2-6).

2

be stolen and disorganized. EFC No. 18. The court will interpret this notice as a motion for an extension of time to file an amended complaint and will grant plaintiff a thirty-day extension of time to amend his complaint.

In the notice, plaintiff also states that he specifically requested a District Judge. Id. at 1. It appears that he is referring to his decline of Magistrate Judge jurisdiction. ECF No. 4. This case has been assigned to a District Judge. ECF No. 5. Even when a District Judge is the presiding judge, the assigned Magistrate Judge still has authority over non-dispositive motions, such as requests for extensions of time or for counsel, and can issue written orders accordingly. Fed. R. Civ. P. 72(a). When it comes to dispositive motions, such as motions to dismiss or motions for summary judgment, the Magistrate Judge reviews the motions and recommends a disposition to the assigned District Judge. Fed. R. Civ. P. 72(b). In other words, even though this case has been assigned to a District Judge, who will have the final say on all dispositive matters, a number of matters will still be handled by the undersigned.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 17) is denied;

2. Plaintiff's motion for an extension of time (ECF No. 18) is granted; and

3. Plaintiff is granted thirty days from the service of this order in which to file an amended complaint. Failure to file an amended complaint will result in a recommendation that this action be dismissed for failure to prosecute.

DATED: April 30, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3