UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MITCHELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN DUFFY, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-0703 JAM AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed January 11, 2018, the complaint was dismissed and plaintiff was given thirty days to file an amended complaint. ECF No. 12. He then requested an extension of time (ECF No. 15) and was granted an additional thirty days to file an amended complaint (ECF No. 16). A third party then submitted a request for appointment of counsel on plaintiff's behalf (ECF No. 17), and shortly after that plaintiff sent a notice advising the court that his legal paperwork was disorganized due to a housing change (ECF No. 18). The court denied plaintiff's request for appointment of counsel and, in response to the claims about his paperwork, granted another thirty days to file an amended complaint. ECF No. 19. Plaintiff now requests that the court reconsider its previous denial, which the undersigned construes as a renewed motion for counsel. ECF No. 22. Plaintiff also informed the court that he has again been moved to a new facility and has not yet received his legal paperwork. Id.

1

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests that the court reconsider its previous denial of appointment of counsel. As stated in the last order, plaintiff's recent filings demonstrate an ability to articulate his claims without assistance of counsel. See ECF Nos. 15, 18, 20-22. If plaintiff's request for counsel is based upon medical need, he will need to provide medical records that support his claim that his conditions prevent him from pursuing this action without assistance. Accordingly, in the present case, the request for appointment of counsel will be denied because the court does not find the required exceptional circumstances.

Plaintiff also indicates that he has not yet received his legal paperwork since arriving at the California Health Care Facility, Stockton. ECF No. 22. The court will grant plaintiff another thirty days in which to file his amended complaint. Plaintiff is reminded that in amending the complaint, he is not required to make legal arguments, and instead should simply explain to the court which individuals he wants to name as defendants and what each person did or did not do that he believes violated his rights.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 22) is denied without prejudice;

2. Plaintiff is granted thirty days from the service of this order in which to file an amended complaint. Failure to file an amended complaint will result in a recommendation that this action be dismissed for failure to prosecute.

DATED: July 9, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE