UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MITCHELL,<br><br>                    Plaintiff,<br><br>     v.<br><br>BRIAN DUFFY, et al.,<br><br>                    Defendants. | No. 2:16-cv-0703 JAM AC P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's first amended complaint. ECF No. 24.

I. <u>First Amended Complaint</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As plaintiff was previously advised, "a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious, a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (internal

quotation marks and citations omitted). Second, the prison official must subjectively have a "sufficiently culpable state of mind . . . one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847.

> The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial "risk of serious damage to his future health," Helling [v. McKinney, 509 U.S. 25, 35 (1993)], and it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk.

Id. at 843. However, mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

Furthermore, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Additionally, "[t]here is no respondeat superior liability under section 1983." Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). A supervisor may be liable for the constitutional violations of his subordinates if he "knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Finally, supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is

a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotation marks omitted), abrogated on other grounds by Farmer, 511 U.S. 825.

The first amended complaint does not use the complaint form provided by the court and, as a result, it is not clear which named individuals are intended as defendants and which are merely included as part of the narrative of events. Furthermore, though plaintiff makes a number of allegations regarding things that have happened to him, and despite the court's previous advisement that he had to explain how each defendant violated his rights, most of the allegations are against staff generally, and plaintiff provides almost no explanation as to how any of the individuals he has identified were involved. To the extent plaintiff does make specific allegations, they fail to state claims for relief.

Specifically, plaintiff alleges that that Cpt. Lutz and CO Curtiss conducted an investigation after he was assaulted, but failed to provide him with a copy of the video of the assault or refer the assault for prosecution. ECF No. 24 at 1. Neither action demonstrates that Lutz or Curtiss ignored a risk to plaintiff's safety. Plaintiff also alleges that after he complained for several months about the noise in the cell where he was housed, Lutz moved him to a different cell, but his hearing was already diminished. Id. at 2. However, he does not allege that Lutz had anything to do with his original placement, or knew about his complaints prior to the move. Id. Plaintiff later alleges that the cell Lutz moved him to was in violation of his CDC chrono because "it had a reputation for every kind of CDC rules violations imaginable." Id. at 3. However, this allegation provides no information as to the contents of the chrono or the types of dangers plaintiff faced due to his housing placement. Without that information, it is impossible to determine whether the risk to plaintiff's safety was substantial or whether Lutz would have been aware of the risk.

Plaintiff also appears to make claims against CCI Avalos, CCII Harris, CRM Maldonado, and Cpt. Brown regarding the accuracy of records related to rehabilitative programming plaintiff participated in. Id. at 2-3. However, it is unclear how these actions disregarded a risk to plaintiff's safety or otherwise violated his rights. Plaintiff further claims that Avalos and Brown

were upset with him for filing grievances, and that he was assaulted after they had him moved into a dorm. Id. at 3-4. It is not clear whether he is claiming that Avalos and Brown transferred him in retaliation for filing grievances, and plaintiff makes only a conclusory assertion that Brown must have known that he was threatened after moving to the dorm. Id. Plaintiff also identifies Warden Cueva (id. at 2), CO Pugh (id. at 4), and Sgt. Russell (id. at 5), but alleges only that Cueva shook his hand, that Pugh was in charge of the dorm and gave him a cart to move his property, and that Russell sent him to administrative segregation after hearing about his enemy concerns. None of these allegations state a claim for relief.

For these reasons, the first amended complaint will be dismissed and plaintiff will be given one more opportunity to amend the complaint.

II. Leave to Amend

If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268 (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a second amended complaint, any previous complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be

4

sufficiently alleged.

III. Plain Language Summary of this Order for a Pro Se Litigant

The first amended complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief. You need to explain what each defendant did to violate your rights. General claims about things that happened to you or that were done by "staff," are not sufficient to state claims against a specific person without some explanation as to how that person was involved. You should also use the complaint form provided by the court so that it is clear who you are trying to bring claims against.

If you choose to amend your complaint, the second amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original or first amended complaint. **Any claims or information not in the second amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. The first amended complaint (ECF No. 24) is dismissed with leave to amend.

2. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: November 28, 2018

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE