1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PAUL MITCHELL,                          No.  2:16-cv-0703 JAM AC P

12                  Plaintiff,

13          v.                               FINDINGS AND RECOMMENDATIONS

14   BRIAN DUFFY, et al.,

15                  Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.

18   The court received plaintiff's second amended complaint on February 15, 2019.  ECF No. 31.

19   However, the complaint was missing pages, including the signature page.  Id.  The court therefore

20   provided plaintiff with a copy of the complaint and directed him to either submit the missing

21   pages or re-file the entire complaint.  ECF No. 33.  Plaintiff has provided the missing pages (ECF

22   No. 36), and the court will proceed to screen the second amended complaint.

23      I.      Second Amended Complaint

24          The court is required to screen complaints brought by prisoners seeking relief against a

25   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

26   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

27   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

28   monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

                                                    1

As plaintiff was previously advised, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). Additionally, "[t]here is no respondeat superior liability under section 1983." Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).

As with the original and first amended complaints, the second amended complaint makes a number of allegations regarding things that have happened to plaintiff. ECF Nos. 31, 36. However, despite the court's previous advisements that plaintiff must explain how each defendant violated his rights (ECF Nos. 12, 27), nearly all of the allegations are framed against staff generally, and plaintiff provides almost no explanation as to how any of the individuals he has identified were involved in the alleged violations of his rights. To the extent plaintiff does make specific allegations, they once again fail to state claims for relief.

Specifically, plaintiff once again makes claims against CRM Maldonado and Capt. Brown regarding the accuracy of his records related to his participation in rehabilitative programming . ECF No. 36 at 3. However, he still fails to explain how these actions disregarded a risk to his safety or otherwise violated his rights. Plaintiff's only other specific claim is that Capt. Brown and Lt. Bosher, who is not named as a defendant, moved him into a dorm that had hostile and belligerent inmates. ECF No. 31 at 4; ECF No. 36 at 5. Although a prison official can be liable for failing to protect an inmate from harm, liability under the Eighth Amendment arises only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835. Plaintiff alleges no more than a generalized fear for his safety and offers no facts that would show that Brown would have been aware of a serious risk of harm to plaintiff's health or safety due to his being housed in the dorm.

## II.     No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted. Plaintiff has been given two opportunities to amend, and despite being advised of the necessity of explaining what each defendant did to violate his rights and providing the necessary elements for a claim, plaintiff has once again failed to sufficiently allege any personal participation by the named defendants. The undersigned is therefore convinced that any further leave to amend would be futile and the complaint should be dismissed without leave to amend.

## III.     Request for Appointment of Counsel

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims

*pro se* in light of the complexity of the legal issues involved.'" <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (quoting <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. <u>Id.</u> Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In light of the recommendation that the complaint be dismissed without leave to amend, the court finds that appointment of counsel is not warranted in this case and the motion will be denied.

IV.     <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

It is being recommended that the second amended complaint be dismissed without leave to amend because the facts you have alleged are not enough to state a claim for relief and you have already been given two chances to fix the problems.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel (ECF No. 35) is denied.

IT IS FURTHER RECOMMENDED that the second amended complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 4, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4